CHARLES W. FREELAND & another *vs.* PRESIDENT, DIRECTORS AND COMPANY OF THE MECHANICS' BANK.

A creditor of an insolvent debtor, who has proved his claim in insolvency, has no right in his own name to contest the claims of other creditors.

BIGELOW, C. J. This petition, so far as we know, is without precedent. It is an attempt by the members of a firm, who have proved a debt against the estate of an insolvent debtor, to contest the validity of certain claims which have been proved against the same estate by the respondents, and to cause them to be expunged, under the general power conferred on this court of superintending proceedings in insolvency according to the practice of a court of equity. Without stopping to inquire whether such an application could be supported if made by a proper party, we are of opinion that the petitioners show no right to ask for the intervention of this court, in relation to the matters stated in their petition.

It is manifest from the provisions of the insolvent act in regard to the proof of debts, that it was not intended that creditors, in that right and by virtue only of the interest they might have in the distribution of the assets, should be permitted to contest the allowance of claims against the estate. This duty is devolved upon the assignee. To him only is given the right of appeal, if he is dissatisfied with the adjudication of the judge of insolvency in relation to the proof of any debt; Gen. Sts. *c.* 118, § 34; and if, before his election, any debt is presented for proof, the validity of which is doubted by the judge, the claim is to be suspended until the right of the creditor to

its allowance can be investigated by the assignee. Gen. Sts. *c.* 118, § 31. The statute is framed on the theory that, in all matters pertaining to the proof of claims, the assignee is the lawful representative of the creditors, and that it is his province to see that no false, groundless or unlawful claim is allowed to share in the division of the assets. This affords ample means of protection to the rights of creditors. The presumption is that the assignee will be faithful to his trust and duly vigilant in his scrutiny of claims offered for proof. If he fails to perform his duty, he can for sufficient cause be removed from office after due proceedings had upon the application of the creditors under Gen. Sts. *c.* 118, § 56.

There are obvious and decisive objections against the right of creditors to maintain a petition like that now before the court. If a single creditor can bring his petition to call in question the validity of one debt duly proved and allowed, so may each and every creditor maintain a like suit in relation to every other debt. Such a course of proceeding would lead to great irregularities and confusion of rights and remedies, create a multiplicity of suits, and cause burdensome delays in the settlement and final adjustment of insolvent estates.

*Demurrer sustained; petition dismissed.*

*F. H. Dewey & H. Williams,* for the respondents.

*G. W. Baldwin,* for the petitioners, cited Cutler's Insolvent Law (3d ed.) 29 ; *Harmon* v. *Clark,* 13 Gray, 114 ; *Hill* v. *Hersey,* 1 Gray, 584 ; *Barnard* v. *Eaton,* 2 Cush. 294 ; *Agawam Bank* v. *Morris,* 4 Cush. 99.